**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE JONES, an individual, | No. 22-55586 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-09948-PA-PD |
| v. | |
| SINALOENCE FOOD PRODUCTS AND SERVICES, INC., a California corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 11, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

George Jones appeals the district court's order dismissing, for lack of standing, his Americans with Disabilities Act (ADA) claim against Defendant Sinaloence Food Products and Services, Inc. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We vacate the dismissal and remand for the district court to consider the merits of Jones's motion for default judgment.

Because the declaration Jones submitted to the district court sufficiently showed that he "visited the defendant's premises," he "personally encountered . . . barrier[s] related to his disability," and the existence of those barriers "deters him from returning," the district court erred in concluding that Jones lacks standing to seek injunctive relief under the ADA. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1179 (9th Cir. 2021) (setting forth standing requirements for seeking ADA injunctive relief); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (en banc).

Jones stated in the declaration that (1) he visited the Defendant's restaurant, Tacos El Sinaloense, on four separate occasions in 2021; (2) he encountered barriers related to his disability, including a lack of accessible parking and lack of accessible routes of travel; (3) he would like to return to the restaurant—and specifically considered returning on February 17, 2022—because he enjoys the food and it is close to his home; and (4) the existing barriers to access have deterred him from returning to Tacos El Sinaloense, but he would like to return as soon as the barriers are removed. These facts are sufficient to establish standing under our precedent. *See Whitaker*, 985 F.3d at 1179.

The district court faulted Jones for failing to provide "concrete plans" or

"specific information" regarding his intent to return to Tacos El Sinaloense. The district court failed, however, to appreciate that Jones had gone so far as to provide a specific date upon which he had wanted to visit the restaurant but was deterred from doing so, and that Jones had further made clear that he intended to return to Tacos El Sinaloense as soon as the barriers to access were removed. More fundamentally, the district court erred to the extent it believed Jones was required to proffer detailed travel plans to visit a restaurant that is close to his home, which he had visited several times before. The cases cited by the district court finding a lack of standing involved plaintiffs attempting to secure injunctions against businesses far from their homes, such that it was reasonable to question whether they would ever visit again. *See, e.g.*, *Chapman v. Pismo Food Store*, 710 F. App'x 769, 770 (9th Cir. 2018); *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015). By contrast, nothing in the record here casts doubt on Jones's clear statement that he intends to return to Tacos El Sinaloense.

Because the district court has not yet considered the merits of Jones's motion for default judgment, we remand for it to do so in the first instance.

**VACATED; REMANDED.**[1]

---

[1] Costs on appeal are awarded to Jones.